SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:   858.252.6502
FACSIMILE:     858.252.6503

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC

DAVID C. CODELL, CA Bar No. 200965
    dcodell@tocounsel.com
**THEODORA ORINGHER PC**
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Tel.: (310) 557-2009; Fax.: (310) 551-0283

WILLIAM H. WENKE, CA Bar No. 281031
    william@equitybee.com
General Counsel, EquityBee, Inc.
955 Alma Street, Suite A
Palo Alto, California 94301
Telephone: (650) 847-1149

Attorneys for Defendant EQUITYBEE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SECTION PARTNERS MANAGEMENT, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>EQUITYBEE, INC.; SECFI, INC.; SECFI SECURITIES, LLC; SERENGETI ASSET MANAGEMENT, LP; AND WOUTER WITVOET,<br><br>　　　　　Defendants. | Case No. 3:23-cv-05030-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:　　March 22, 2024<br>Time:　　10:00am<br>Place:　　Courtroom 4 – 17th Floor<br>Judge:　　Honorable Vince Chhabria<br><br>Date Filed: September 29, 2023<br>Trial Date: None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Standing Order for Civil Cases Before Judge Vince Chhabria, parties to the above-titled action, Plaintiff Section Partners Management, LLC ("SPM" or "Plaintiff") and Defendant EquityBee, Inc. ("EquityBee" or "Defendant"), jointly submit this Case Management Statement and Proposed Order.

**1.     Jurisdiction and Service**

This is an action for alleged trade secret misappropriation arising under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (the "DTSA"), as well as related state-law claims that allegedly arise from the same transactions and occurrences over which this Court has supplemental jurisdiction. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because EquityBee is deemed to reside in this District and has regular and established places of business in this District. Additionally, the acts supporting the alleged trade secret misappropriation occurred in this district.

SPM filed the Complaint action against EquityBee and other defendants. Civ. A. No. 3:23-cv-05030-VC. On January 8, 2024, the executed Proof of Service for EquityBee on December 28, 2023 was filed. See ECF No. 15. No issues exist regarding personal jurisdiction or service of EquityBee.

**2.     Facts**

SPM filed its complaint in this action on September 29, 2023, alleging that EquityBee and other named defendants misappropriated SPM's trade secret. SPM is pursuing this action against EquityBee.

<u>SPM states as follows:</u> SPM is a leading investment firm, specializing in providing financing for founders, executives, and shareholders of venture-backed technology companies to exercise stock options and generate liquidity in lieu of a sale. SPM owns a trade secret pertaining to monetizing private securities in which a private asset is leveraged to access capital, creating a separate security that is not technically a loan and provides substantial benefits for both asset holder and funder (the "Trade Secret"). EquityBee provides investment services to employee stockholders to assist them in exercising stock options and liquidating equity prior to exit. SPM alleges that EquityBee misappropriated the Trade Secret. SPM further asserts that EquityBee conspired with others to misappropriate the Trade Secret.

EquityBee states as follows: EquityBee, which has not yet responded to the Complaint, denies the alleged causes of action and does not have an understanding from the Complaint or otherwise of what the trade secret alleged by SPM is. The parties have been in settlement negotiations that may involve exchanges of information to better inform the parties of relevant facts.

The parties jointly state as follows: In light of the parties' settlement discussions, EquityBee has not yet responded to the Complaint because the parties have agreed to stipulate to an extension of time through and including April 5, 2024 for EquityBee to respond to the Complaint in light of settlement discussions. An extension is also needed by EquityBee because it has on the date of this filing newly retained litigation counsel (Theodora Oringher PC). The parties will promptly file with the Court a stipulation to extend EquityBee's time to respond to the Complaint through and including April 5, 2024.

**3.     Legal Issues**

The principal disputed legal issues are:

- Whether SPM has a legally protected trade secret;
- Whether EquityBee misappropriated a trade secret of SPM's;
- Whether EquityBee conspired to misappropriate a trade secret of SPM's;
- Whether EquityBee has affirmative defenses to the alleged causes of action; and
- Whether SPM is entitled to damages as a result of the alleged trade secret misappropriation, and if so, any amount.

**4.     Motions and/or Pending Matters**

There are no pending motions. EquityBee is considering whether to file a motion to dismiss under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted, or under F.R.C.P. 12(b)(7) for failure to join a party under Rule 19.

**5.     Amendment of Pleadings, Addition of Parties, Etc.**

The parties stipulate that the parties may amend the pleadings at any time prior to September 1, 2024 without leave of the Court and that the parties may amend the pleadings upon a showing of good cause after that date has passed.

SPM filed a notice of voluntarily dismissal for all other named defendants on March 4, 2024.

///

**6.     Evidence Preservation**

The parties have reviewed the Northern District of California's Guidelines for the Discovery of Electronically Stored Information ("ESI"), Model ESI Orders, and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation. Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation. SPM has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action, and EquityBee will promptly formalize in writing such a litigation hold in consultation with undersigned newly retained litigation counsel.

**7.     Initial Disclosures**

The parties agree to exchange initial disclosures pursuant to Rule 26(a) by April 19, 2024.

**8.     Discovery**

The parties met and conferred pursuant to Rule 26(f) on March 1, 2024 and in follow-up communications.  Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan and related deadlines:

| EVENT | DATE |
|---|---|
| Rule 26(f) conference | Held: March 1, 2024 |
| Deadline for EquityBee's Answer to Complaint | April 5, 2024 |
| Initial Disclosures | April 19, 2024 |
| Last day to join parties or amend the pleadings without leave of Court | September 1, 2024 |
| Close of fact discovery | February 7, 2025 |
| Opening expert reports | February 14, 2025 |
| Rebuttal expert reports | March 14, 2025 |
| Close of expert discovery | April 4, 2025 |
| Opening summary judgment/*Daubert* briefs | April 25, 2025 |

| | |
|---|---|
| Responsive summary judgment/*Daubert* briefs | May 23, 2025 |
| Reply summary judgment/*Daubert* briefs | June 6, 2025 |
| Summary judgment/*Daubert* hearings | June 20, 2025 (subject to the convenience of the Court's calendar) |
| Final Pretrial Conference | July 11, 2025 (subject to the convenience of the Court's calendar) |
| Trial | August 25, 2025 (subject to the convenience of the Court's calendar) |

(a) Discovery Taken to Date:

No discovery has been served in this action.

(b) Anticipated Discovery:

The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, the requested relief discussed in Section 11 below, and the affirmative defenses to be raised by EquityBee.

(c) Any Proposed Limitations of Modifications of the Discovery Rules:

Other than modifications to certain dates set forth above, the parties do not currently propose any modifications of the discovery rules.

(d) E-Discovery

The parties intend to meet and confer regarding a stipulated e-Discovery Order based on the Northern District of California *Model Stipulated Order Re: Discovery of Electronically Stored Info (Standard Cases)*.

(e) Proposed Discovery Plan:

The parties' proposed discovery plan is set forth above.

(f) Any Identified Discovery Disputes:

The parties have not identified any discovery disputes.

(g) Protective Order:

The parties intend to meet and confer regarding a stipulated protective order e-Discovery Order based on the Northern District of California *Model Protective Order for Litigation Involving Patents,*

*Highly Sensitive Confidential Information and/or Trade Secrets*.

**9.     Class Actions**

Not applicable.

**10.    Related Pending Cases**

There are no related cases currently pending.

**11.    Relief**

SPM seeks entry of judgment that EquityBee has misappropriated SPM's Trade Secret and has conspired with others to misappropriate SPM's Trade Secret.  SPM seeks compensatory damages against EquityBee according to proof and disgorgement of any profits made by EquityBee as a result of the misappropriation of SPM's Trade Secret.  SPM further seeks a temporary restraining order and permanent injunctions against EquityBee to prevent further disclosure and use of SPM's trade secrets.  Additionally, SPM seeks punitive and exemplary damages against EquityBee according to proof, as well as costs of suit, reasonable attorneys' fees, and an award of all damages together with pre-judgment and post-judgment interest.  SPM further seeks an award of all other and further relief as the Court may deem just and proper.  EquityBee seeks a judgment that SPM is entitled to no relief and that EquityBee is entitled to an award of its reasonable attorneys' fees and costs against SPM.

**12.    Settlement and ADR**

ADR was discussed during the Rule 26(f) conference, and the parties agreed to continue those conversations on a later date.  No agreement has yet been reached on which, if any, ADR process to pursue or the deadline for an ADR session.

**13.    Other References**

At this time, the parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

Discovery has just begun, but subject to the progression of discovery, the parties may be able to narrow certain issues via stipulated facts.

**15.    Scheduling**

The parties' proposed schedule for designation of experts, discovery cutoff, hearing of

dispositive motions, pretrial conference, and trial is provided in Section 8, above.

### 16. Trial

A jury trial is requested. SPM anticipates that a jury trial would take 4 court days, and EquityBee anticipates that a jury trial would take 5 court days; neither estimate includes time spent on jury selection, voir dire, jury instructions, and opening and closing statements.

### 17. Disclosure of Non-Party Interested Entities or Persons

Both parties have filed their respective Certifications of Interested Entities or Persons pursuant to Civil Local Rule 3-15. See ECF Nos. 4 & 22. SPM reaffirms that Dave Crowder is the founder and an owner of SPM and that Robert Pitti was a cofounder of VSL Partners, a predecessor in interest to SPM, and is an authorized licensee of the Trade Secret that is the subject matter of this proceeding. EquityBee reaffirms the statements contained in its certification (ECF No. 22) filed on this date.

### 18. Professional Conduct

The attorneys of record for SPM confirm that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

No attorney of record has made an appearance for EquityBee.

### 19. Other Matters

The parties have not identified any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: March 15, 2024                                  Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
   ScottPenner@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
   NicolaPisano@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
TELEPHONE:       858.252.6502
FACSIMILE: 858.252.6503

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC

1  DATED: March 15, 2024            THEODORA ORINGHER PC

2

3

                                    By:  /s/ David C. Codell
4                                        David C. Codell

5                                        William H. Wenke
                                         General Counsel
6                                        EquityBee, Inc.

7                                        Attorneys for Defendant EquityBee, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from any other signatory to this document.

Executed on:  March 15, 2024

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
ScottPenner@eversheds-sutherland.com

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

DATED:_____

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on:  March 15, 2024

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
ScottPenner@eversheds-sutherland.com

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC