SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
**EVERSHEDS SUTHERLAND (US) LLP**
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:   858.252.6502
FACSIMILE:    858.252.6503

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECTION PARTNERS MANAGEMENT, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>EQUITYBEE, INC.; SECFI, INC.; SECFI SECURITIES, LLC; SERENGETI ASSET MANAGEMENT, LP; AND WOUTER WITVOET,<br><br>       Defendants. | Case No. 3:23-cv-05030-VC<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE DOCUMENT UNDER SEAL** |

Pursuant to Civil Local Rule 79-5 and this Court's March 22, 2024 Case Management Conference and Minute Order (D.I. 26), Plaintiff Section Partners Management, LLC moves to file under seal portions of its First Amended Complaint. There are both good cause and compelling reasons to file the following document under seal, because it contains Plaintiff's confidential trade secret asserted in this matter.

| Identification of the documents to be sealed | Entity that designated the information to be confidential | Reasons for Sealing and Citations |
|---|---|---|
| Section Partners Management, LLC's First Amended Complaint and Request for Preliminary and Permanent Injunctive Relief at ¶ 13. | Section Partners Management, LLC | Plaintiff discloses its confidential trade secret information asserted in this matter. *See* Declaration of Scott A. Penner in Support of Plaintiff's Motion to Seal ("Penner Decl.") at ¶ 3. |

I. **ARGUMENT**

Federal Rule of Civil Procedure 26(c)(1)(G) provides that a district court may protect from disclosure "a trade secret or other confidential research, development, or commercial information." Under Local Rule 79-5, a party may seek leave to file a document under seal so long as the party includes "a specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal," accompanied by evidentiary support, if necessary, and a "narrowly tailored" proposed order. The motion should include "an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.*

This Administrative Motion to File Document Under Seal should be granted because there is not only good cause but also compelling reasons to seal the designated portions of the above referenced document. Plaintiff seeks to seal information Plaintiff claims is confidential because, as set forth in the accompanying Declaration of Scott A. Penner in support of Plaintiff's Motion to Seal, such information contains highly confidential information related to its asserted trade secret. As the key requirement for a trade secret is its continued secrecy, Plaintiff will suffer substantial prejudice to its business interests if the trade secret is disclosed publicly. The Ninth Circuit and this Court have consistently held that trade secrets and proprietary business information meet the compelling reasons standard for purposes of granting a motion to seal. *See, e.g., Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court

records exist when such 'court files might have become a vehicle for improper purposes,' such as the … release of trade secrets." (quoting *Nixon v. Warner Comm'ns*, 435 U.S. 589, 598 (1978)); *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569-70 (9th Cir. 2008); *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 U.S. Dist. LEXIS 165373, at *4-5 (N.D. Cal. Sept. 18, 2023) ("Good cause exists to seal trade secrets. … [C]onfidential business information that would harm a party's competitive standing meet[s] the compelling reasons standard, and thus also meet[s] the 'less exacting' good cause standard." (internal citations omitted)). Lastly, Plaintiff has narrowly tailored its request to only seal those portions of the First Amended Complaint that identify and describe the asserted trade secret.  Further, Plaintiff has filed publicly the relevant excerpts of information that are not confidential.  Attached hereto are redacted and unredacted versions of the document set forth above.

II.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion to File Document Under Seal.

Dated:  April 19, 2024                                  Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
    ScottPenner@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
    NicolaPisano@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:        858.252.6502
FACSIMILE: 858.252.6503

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on:  April 19, 2024

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
ScottPenner@eversheds-sutherland.com

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC