1  SCOTT A. PENNER, CA Bar No. 253716
     ScottPenner@eversheds-sutherland.com
2  NICOLA A. PISANO, CA Bar No. 151282
     NicolaPisano@eversheds-sutherland.com
3  **EVERSHEDS SUTHERLAND (US) LLP**
   12255 EL CAMINO REAL, SUITE 100
4  SAN DIEGO, CALIFORNIA  92130
   TELEPHONE:   858.252.6502
5  FACSIMILE:    858.252.6503

6
   Attorneys for Plaintiff
7  SECTION PARTNERS MANAGEMENT, LLC
8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                        **SAN FRANCISCO DIVISION**

| 12 | SECTION PARTNERS MANAGEMENT, LLC, | Case No. 3:23-cv-05030-VC (LB) |
|---|---|---|
| 13 | | **[REDACTED VERSION]** |
| 14 | Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12(b)(6)** |
| 15 | v. | |
| 16 | EQUITYBEE, INC.; SECFI, INC.; SECFI SECURITIES, LLC; SERENGETI ASSET MANAGEMENT, LP; AND WOUTER WITVOET, | Date:   June 27, 2024<br>Time:   10:00 a.m.<br>Place:  Courtroom 4<br>Judge:  Hon. Vince Chhabria |
| 17 | | |
| 18 | Defendants. | |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL BACKGROUND ........................................................................................1

III. ARGUMENT .................................................................................................................2

    A. SPM HAS PLAUSIBLY ALLEGED FACTS WHICH STATE A CAUSE OF ACTION FOR MISAPPROPRIATION OF TRADE SECRETS. .................................3

        1. Defendant Has Adequately Pled the Existence and Its Ownership of the Trade Secret. ...................................................................................3

        2. SPM Has Adequately Pled Facts to Support a Plausible Claim of EquityBee's Misappropriation. ........................................................................6

        3. Plaintiff Has Adequately Pled That It Has Suffered Damages. ........................7

    B. DEFENDANT'S MOTION IMPROPERLY RELIES UPON INFORMATION OUTSIDE THE PLEADINGS. .............................................................................................7

    C. IN THE ALTERNTIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT. ..........................................................................................9

IV. CONCLUSION ............................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*02 Micro Int'l Ltd. v. Monolithic Power Sys.*,
   420 F. Supp. 2d 1070 (N.D. Cal. 2006) .................................................................................. 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................................. 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 2

*Bonanno v. Thomas*,
   309 F.2d 320 (9th Cir. 1962) .................................................................................................... 9

*Cervantes v. City of San Diego*,
   5 F.3d 1273 (9th Cir. 1993) ...................................................................................................... 4

*Concha v. London*,
   62 F.3d 1493 (9th Cir. 1995) .................................................................................................... 6

*Creative Writer Software, LLC v. Schechter*,
   No. CV 23-02471-MWF, 2024 U.S. Dist. LEXIS 24524 (C.D. Cal. Feb. 8, 2024) .................. 5

*Forro Precision, Inc. v. IBM Corp.*,
   673 F.2d 1045 (9th Cir. 1982) .................................................................................................. 3

*Hicks v. PGA Tour, Inc.*,
   897 F.3d 1109 (9th Cir. 2018) .................................................................................................. 7

*Hope Chung v. Intellectsoft Grp. Corp.*,
   No., 2023 U.S. Dist. LEXIS 153484 (N.D. Cal. Aug. 30, 2023) .............................................. 9

*Imax Corp. v. Cinema. Techs., Inc.*,
   152 F.3d 1161 (9th Cir. 1998) .................................................................................................. 3

*Inteliclear, LLC v. ETC Global Holdings, Inc.*,
   978 F.3d 653 (9th Cir. 2020) ................................................................................................ 2, 3

*Jain v. Unilodgers, Inc.*,
   No. 21-cv-09747-TSH, 2023 U.S. Dist. LEXIS 65376 (N.D. Cal. Apr. 13, 2023) .................. 7

*Khoja v. Orexigen Therapeutics, Inc.*,
   899 F.3d 988 (9th Cir. 2018) .................................................................................................... 9

*Lee v. City of L.A.*,
   250 F.3d 668 (9th Cir. 2001) .................................................................................................... 8

# TABLE OF AUTHORITIES
*(Continued)*

**Page(s)**

**Cases (*Cont'd*)**

*McCandless Grp., LLC v. Coy Collective, Inc.*,
   No. LA CV 21-02069-DOC-KES, 2023 U.S. Dist. LEXIS 191129
   (C.D. Cal. Oct. 23, 2023) .................................................................................................. 5

*MedioStream, Inc. v. Microsoft Corp.*,
   869 F. Supp. 2d 1095 (N.D. Cal. 2012) ............................................................................. 3

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) .............................................................................................. 2

*Park v. Thompson*,
   851 F.3d 910 (9th Cir. 2017) ........................................................................................... 6, 7

*Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*,
   332 F.3d 1198 (9th Cir. 2003) ............................................................................................ 7

*Shaw v. Hahn*
   56 F.3d 1128, 1129 n.1 (9th Cir. 1995) ............................................................................... 8

*United States v. Nosal*,
   844 F.3d 1024 (9th Cir. 2016) ............................................................................................ 5

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ........................................................................................... 8, 9

*Vasquez v. L.A. Cnty.*,
   487 F.3d 1246 (9th Cir. 2007) ............................................................................................ 2

*Vendavo, Inc. v. Price f(x) AG*,
   No. 17-cv-06930-RS, 2019 U.S. Dist. LEXIS 157062 (N.D. Cal. Sept. 12, 2019) ............ 9

**Statutes**

18 U.S.C. §§ 1839(3), (5) ................................................................................................... 2, 3

California Uniform Trade Secrets Act ................................................................................ 1, 2

Defend Trade Secrets Act ....................................................................................................... 2

# TABLE OF AUTHORITIES
*(Continued)*

**Page(s)**

**Other Authorities**

Federal Rules of Civil Procedure:
    Rule 12(b)(6)............................................................................................................. 1, 2, 6
    Rule 12(d) ....................................................................................................................... 9

## I. INTRODUCTION

Plaintiff Section Partners Management, LLC ("SPM") hereby responds to Defendant EquityBee, Inc.'s ("EquityBee") Motion to Dismiss under FRCP 12(b)(6). EquityBee's motion relies upon a flawed analysis that improperly dissects the individual components of SPM's asserted trade secret rather than considering the trade secret as a novel combination. EquityBee solely relies upon information outside of the pleadings to establish the purported public availability of the individual elements of the trade secret and submits many pages of purported expert analysis in the guise of attorney argument. EquityBee's motion is in essence a motion for summary judgment that inappropriately seeks to skip fact and expert discovery and go straight to judgment! At this stage of the litigation, no discovery has occurred, and SPM has had no opportunity to develop the factual record. Moreover, SPM has set forth its trade secret in sufficient detail to put the Defendant on notice and has presented factual allegations sufficient to plausibly plead trade secret misappropriation by the Defendant. Indeed, none of EquityBee's "expert analysis" shows that SPM's specific trade secret *combination* of features exists anywhere in the "wild." EquityBee's motion should be denied, and the deadline set for it to file its answer.

## II. FACTUAL BACKGROUND

This action concerns SPM's claim of trade secret misappropriation by Defendant EquityBee. SPM filed its complaint on September 29, 2023. D.I. 1. SPM owns a trade secret pertaining to monetizing private securities in which a private asset is leveraged to access capital, creating a separate security that is not technically a loan and provides substantial benefits for both asset holder and funder (the "Trade Secret"). SPM alleges that EquityBee misappropriated this Trade Secret in violation of both the federal Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA"). In order to prevent disclosure of its protected Trade Secret, SPM described the Trade Secret in broad terms in its initial complaint. Pursuant to this Court's March 22, 2024 Case Management Conference and Minute Order (D.I. 26), SPM filed its First Amended Complaint (D.I. 30) along with an Administrative Motion to File Document Under Seal (D.I. 31), which included an unredacted version of the First Amended Complaint ("FAC") (D.I. 31-3). In the FAC, SPM describes the Trade Secret with the requisite particularity while maintaining its confidentiality. Specifically, SPM presented a list of

█████████████████████████████████████ its Trade Secret. FAC at ¶ 13. SPM further alleges that it has only disclosed the Trade Secret to third parties bound by Non-Disclosure Agreements and confidentiality obligations ("NDAs"). FAC at ¶ 17. In October 2020, SPM received a copy of EquityBee's Private Financing Contract (the "EquityBee Contract"). FAC at ¶ 31. Upon review of the document, SPM determined that the EquityBee Contract appears to be wholesale copied from SPM's own template private financing agreement, having a similar deal structure to the Trade Secret and substantial overlap in language between the documents. FAC at ¶ 32-33. Based on that improbable degree of overlap – absent an act of misappropriation – and on information and belief, SPM plausibly inferred that EquityBee had misappropriated the Trade Secret and copied SPM's template agreement. FAC at ¶ 34. That misappropriation resulted in EquityBee's unjust enrichment and damage to SPM. FAC at ¶¶ 39-40, 43-45.

In lieu of filing an answer, on May 17, 2024, EquityBee filed a Notice of Motion and Motion to Dismiss Under FRCP 12(b)(6) ("Motion"). D.I. 38.

### III. ARGUMENT

Pursuant to Rule 12(b)(6), a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" requires the plaintiff to plead facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, a district court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). The court's review is limited to the four corners of the complaint and matters that are subject to judicial notice. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

"To succeed on a claim for misappropriation of trade secrets … , a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." *Inteliclear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 657-58 (9th Cir. 2020); *see also* 18 U.S.C. § 1839(5). As the elements required under the DTSA and CUTSA are so similar, courts consider such claims together. *Id.* at 657.

1  To establish a trade secret, the plaintiff must demonstrate that it has "(1) information, (2) that is valuable
2  because it is unknown to others, and (3) that the owner has attempted to keep secret." *Inteliclear*, 978
3  F.3d at 657; *see also* 18 U.S.C. §§ 1839(3), (5). A plaintiff need only describe the asserted trade secret
4  "with *sufficient* particularity to separate it from matters of general knowledge in the trade or of special
5  knowledge of those persons . . . skilled in the trade.'" *Imax Corp. v. Cinema. Techs., Inc.*, 152 F.3d
6  1161, 1164 (9th Cir. 1998). The definition of a trade secret is "broad" and encompasses "any formula,
7  pattern, device or compilation of information which is used in one's business, and which gives him an
8  opportunity to obtain an advantage over competitors who do not know or use it." *Forro Precision, Inc.*
9  *v. IBM Corp.*, 673 F.2d 1045, 1057 (9th Cir. 1982). "The complaint need not 'spell out the details of
10 the trade secret' but must identify the trade secret with sufficient particularity to give defendants
11 'reasonable notice of the issues which must be met at the time of trial and to provide reasonable guidance
12 in ascertaining the scope of appropriate discovery.'" *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp.
13 2d 1095, 1113 (N.D. Cal. 2012) (quoting *Farhang v. Indian Inst. Of Tech.*, No. C-08-2658 RMW, 2010
14 U.S. Dist. LEXIS 53975, at *41 (N.D. Cal. 2010)).

### A. SPM HAS PLAUSIBLY ALLEGED FACTS WHICH STATE A CAUSE OF ACTION FOR MISAPPROPRIATION OF TRADE SECRETS.

#### 1. Defendant Has Adequately Pled the Existence and Its Ownership of the Trade Secret.

In the FAC, SPM has set forth a particularized and comprehensive list of characteristics that together describe the Trade Secret. Contrary to EquityBee's unsupported attorney argument and absent any form of expert analysis (which would be inappropriate at this stage of the case in any event), SPM has not set forth ███████████████████ but rather has provided a list ████████ ███ that when combined together comprise the asserted Trade Secret. This list provides ample notice to EquityBee of the nature of the Trade Secret and the issues that will be relevant in this litigation.

EquityBee's motion mangles SPM's definition of its Trade Secret to argue that the Trade Secret is publicly known and thus unprotectable. In particular, EquityBee argues that the Trade Secret is merely a variation of other established investment vehicles, such as a variable prepaid forward contract (VPFC). Motion at 6-9. Apart from impermissibly bringing in information external to the pleadings, EquityBee's

1  analysis immediately demonstrates the difference between SPM's Trade Secret and what was known in
2  the art. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the
3  complaint; 'evidence outside the pleadings … cannot normally be considered in deciding a 12(b)(6)
4  motion.'") (quoting *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993)). For example, EquityBee
5  describes one of the key components of a VPFC as "[a]t a *predetermined settlement date or maturity*
6  *date*, the shareholder delivers to the investor one of the following: the pledged shares, the cash value of
7  the pledged shares on the settlement date, or the equivalent in different shares." Motion at 7 (emphasis
8  added). However, as set forth in the pleadings, SPM's Trade Secret ███████████████████.
9  Instead, as part of SPM's Trade Secret investment structure, ███████████████████████
10 ███████████ FAC at ¶ 13(c-d). As explained in the pleadings, according to the Trade Secret,
11 ███████████████████████████████████. FAC at ¶ 13(d). ██
12 ███████████████████████████ FAC at ¶ 13(h). This is one key difference,
13 along with the unique combination of elements, that sets SPM's unique deal structure apart from other
14 well-known investment vehicles, and none of the other investment structures identified by EquityBee
15 (even if it were permissible to consider them at the pleading stage) include all of the features of SPM's
16 Trade Secret. EquityBee ignores this critical distinction by referring to it generally under the ███
17 ███████████████████████████████████ *See* Motion
18 at 8. EquityBee's mischaracterization is particularly disingenuous given that the EquityBee Contract
19 follows **the exact structure** as SPM's protected Trade Secret. Despite its effort at misdirection,
20 EquityBee is keenly aware of the benefits and distinctions of this deal structure as compared to
21 alternative investment vehicles on the market.
22      EquityBee further attempts to mischaracterize the Trade Secret as merely an "agreement
23 template." Motion at 9. However, SPM clearly states in its complaint that the Trade Secret is an
24 "investment vehicle" and that its private financing agreement merely "set[s] forth the mechanics of the
25 structure." FAC at ¶¶ 12, 15. SPM has not and does not assert that its template agreement is the Trade
26 Secret itself. Rather, the template agreement sets out the Trade Secret and is the legal mechanism
27 whereby the Trade Secret can be exercised with SPM's customers.
28      In a classic *non sequitur*, EquityBee (without evidentiary support or expert opinion) suggests

through attorney argument alone that because "new investment vehicles and financing options are often publicized by originators," that SPM's Trade Secret should not be subject to protection either. Motion at 9-10. Even assuming the assertion that other investment firms have decided to forego trade secret protection for their intellectual property were true, it would have no bearing on the status of SPM's Trade Secret. Regardless of what other financial firms may do, SPM has not publicly advertised the structure of the Trade Secret. FAC at ¶¶ 17, 19-22. Rather, SPM has treated this deal structure as a trade secret and taken steps to maintain its secrecy, including by using confidentiality obligations and non-disclosure agreements with third parties. *Id.*

EquityBee's analysis further fails to consider the Trade Secret ***as a whole***. EquityBee argues that SPM has not adequately pled a trade secret because EquityBee contends that the individual features that comprise the Trade Secret were each publicly known. Motion at 14. Apart from having no expert analysis to provide any type of support for its attorney argument on this point and improperly introducing material information from outside the pleadings, it is legally improper to dissect individual elements of a Trade Secret. Rather, it is settled law in this Circuit that a trade secret may be comprised of public knowledge as long as the overall combination is novel and secret. "The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements." *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016) (quoting Restatement (Third) of Unfair Competition § 39 cmt. f (1995)); *see also 02 Micro Int'l Ltd. v. Monolithic Power Sys.*, 420 F. Supp. 2d 1070, 1089-90 (N.D. Cal. 2006) ("Combinations of public information from a variety of different sources when combined in a novel way can be a trade secret. It does not matter if a portion of the trade secret is generally known, or even that every individual portion of the trade secret is generally known, as long as the combination of all such information is not generally known."); *Creative Writer Software, LLC v. Schechter*, No. CV 23-02471-MWF (MAAx), 2024 U.S. Dist. LEXIS 24524, at *9 (C.D. Cal. Feb. 8, 2024) ("Specifically, the design and functionality of the program relate to the detailed combination of features described in the FAC. … The Court concludes that the FAC sufficiently places Defendants 'on notice regarding the nature of the trade secret.'"); *McCandless Grp., LLC v. Coy Collective, Inc.*, No. LA CV 21-02069-DOC-KES, 2023 U.S. Dist. LEXIS 191129, at *27 (C.D. Cal. Oct. 23, 2023).

Indeed, EquityBee concedes in its brief that a trade secret may be comprised of publicly available information that is combined in a novel way.  Motion at 5.  But EquityBee then proceeds to devote nearly the entirety of its brief analyzing the various individual features of the Trade Secret that EquityBee claims are publicly available.  Motion at 6-15.  EquityBee makes no serious effort to analyze the entire combination, other than a conclusory statement arguing that the whole cannot be greater than the sum of its pieces.  Motion at 15.  EquityBee's arguments are unavailing in light of the settled law in this Circuit.  In the FAC, SPM has detailed the impetus for its development of the Trade Secret (FAC at ¶¶ 10-12), set forth its characteristics (FAC at ¶ 13), stated its economic value to SPM based on its continued secrecy (FAC at ¶¶ 14, 16, 37, 42), and discussed SPM's efforts taken to keep it confidential (FAC at ¶¶ 17, 19-22, 24, 27-29).  This is sufficient to meet the pleading standard under Rule 12(b)(6).

### 2. SPM Has Adequately Pled Facts to Support a Plausible Claim of EquityBee's Misappropriation.

Under Ninth Circuit precedent, a plaintiff may plead facts based upon information and belief.  "The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible."  *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).  It is particularly appropriate to adopt such a relaxed pleading standard "where the relevant facts are known only to the defendant."  *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir. 1995).

It is telling that EquityBee allots only one paragraph to SPM's alleged lack of sufficient pleading of misappropriation. *See* Motion at 15.  Contrary to EquityBee's meager assertions, SPM has sufficiently pled facts to plausibly allege that EquityBee misappropriated the Trade Secret.  For example, SPM has alleged that it has a protected Trade Secret that SPM has only discloses under confidentiality obligations to third parties.  FAC at ¶¶ 17, 19.  Plaintiff has further alleged that it was provided with a copy of the EquityBee Contract.  FAC at ¶ 31-32.  Upon review, SPM determined that the EquityBee Contract closely resembles SPM's own confidential agreement template and mirrors the key financing structural aspects of the Trade Secret – with entire paragraphs matching word-for-word between the documents.

*Id.* These facts, taken together, create a plausible inference that EquityBee gained access to SPM's Trade Secret through unlawful means and misappropriated said Trade Secret for its own financial gain. While it is true that SPM cannot establish at this early stage in the litigation the exact manner of misappropriation, such information is not necessary at the pleading stage, particularly given that such information is likely only known only to EquityBee and its fellow conspirators. *See Park*, 851 F.3d at 928; *see also Jain v. Unilodgers, Inc.*, No. 21-cv-09747-TSH, 2023 U.S. Dist. LEXIS 65376, at *14-15 (N.D. Cal. Apr. 13, 2023) ("Plaintiff's allegations 'upon information and belief' involve facts within Defendants' exclusive possession. … The Court does not consider Plaintiff's pleadings improper on this basis." (internal citations omitted)). SPM has well surpassed the minimum plausibility standards, which permit this case to proceed to discovery, where such further relevant information can be obtained.

### 3. Plaintiff Has Adequately Pled That It Has Suffered Damages.

SPM has alleged facts sufficient to support its claim for damages. SPM asserts that the Trade Secret "has actual and potential economic value" and "provides SPM with a distinct competitive advantage in the market for private stock options financing." FAC at ¶ 37. SPM further alleges that EquityBee, by misappropriating the Trade Secret, has been unjustly enriched, and SPM has suffered losses, for which it is entitled to seek both damages and injunctive relief. FAC at ¶¶ 39-40, 43-45. EquityBee dedicates a *single* sentence to the lack of sufficient pleading of damages. *See* Motion at 15. As SPM and EquityBee are direct competitors in the financial investment industry, the fact that SPM would be damaged by the misappropriation of its valuable Trade Secret by its competitor is self-evident and requires no further allegations to meet the pleading standard than what is set forth in the complaint.

### B.  DEFENDANT'S MOTION IMPROPERLY RELIES UPON INFORMATION OUTSIDE THE PLEADINGS.

"Generally, on a 12(b)(6) motion, the District Court should consider only the pleadings." *Shaver v. Operating Eng'rs Local 428 Pension Trust Fund*, 332 F.3d 1198, 1201 (9th Cir. 2003). A district court will only consider matters beyond the pleadings in limited circumstances, including "matters properly subject to judicial notice." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 998, 998 (9th Cir. 2010)).

As evidenced by its laundry list of secondary sources in its Table of Authorities, EquityBee

1 primarily relies upon extrinsic information to support its motion to dismiss. The bulk of EquityBee's
2 brief describes various investment vehicles, including citations to various financial publications and
3 internet links. None of that information properly can be considered when deciding this motion. Rather,
4 the record is limited to the complaint and matters that are properly subject to judicial notice. *See, e.g.,*
5 *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

6       EquityBee relies upon a footnote in *Shaw v. Hahn* to attempt to shoehorn in the record a sea of
7 extrinsic information, purportedly under the rubric of judicially noticeable matters. However, the *Shaw*
8 case is inapposite. In *Shaw*, the court noted that it may take judicial notice of a "matter of public record,"
9 which in that case was a prior court order. 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Other cases similarly
10 have taken judicial notice of public records, such as "records and reports of administrative bodies,"
11 *United States v. Ritchie*, 342 F.3d 903, 909 (9th Cir. 2003), and "the existence of [a prior court] opinion,"
12 *Lee*, 250 F.3d at 690. EquityBee cannot seriously argue that the complicated nuances of various
13 investment structures, and whether they can even be combined in a manner that is consistent with
14 financial rules and regulations to produce the precise financial benefit created by the specific combination
15 of elements in the Trade Secret, are subject to judicial notice in the same manner as publicly available
16 administrative records and court orders. The internet websites and other extrinsic sources cited by
17 EquityBee are far beyond the realm of judicially noticeable matters.

18       Furthermore, "[a] Court may not take judicial notice of a fact that is 'subject to reasonable
19 dispute.'" *Lee*, 250 F.3d at 689 (quoting Fed. R. Evid. 201(b)). EquityBee has raised arguments about
20 the public availability of certain facets of various financial transactions and instruments and relied upon
21 private publications and websites of SPM's competitors to support these assertions. SPM denies that its
22 Trade Secret is identical to, or suggested by, the financial investment vehicles that EquityBee discusses
23 in its motion. As these topics are disputed by the parties, they are not subject to judicial notice. Instead,
24 comparisons of the various nuances of these investment structures are matters that are better suited after
25 development of the factual record and through testimony by expert witnesses, rather than attorney
26 argument at the pleading stage.

27       At best, EquityBee's motion to dismiss amounts to an improper motion for summary judgment.
28 If extrinsic matters are considered by a district court, the motion to dismiss must be converted to a motion

for summary judgment.  Fed. R. Civ. Pro. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  "[T]he most important consideration in determining whether to convert a motion to dismiss into a motion for summary judgment is whether the opposing party has had sufficient opportunity to conduct discovery and present meaningful evidence opposing the motion."  *Hope Chung v. Intellectsoft Grp. Corp.*, No. , 2023 U.S. Dist. LEXIS 153484, at *12 (N.D. Cal. Aug. 30, 2023) (quoting *Cay v. Esquetini*, No. CV 15-06627-BRO (ASX), 2017 WL 10574940, at *3 (C.D. Cal. Feb. 8, 2017)).  And even were this Court to convert the motion to dismiss into a summary judgment motion, it is telling that EquityBee failed to identify *any* public document or documents that suggests or explains how to combine all of the elements of SPM's Trade Secret together.  In the present case, it would be inappropriate to convert this motion at this early stage of the litigation as the Plaintiff has not had any opportunity to develop the record through discovery.  Rather, "[a]t this juncture the appropriate mechanism for obtaining greater specificity as to what trade secrets are claimed is to pursue the matter through disclosures, interrogatories, meet and confer negotiations, or such other facets of the discovery process as may be warranted."  *Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2019 U.S. Dist. LEXIS 157062, at *2-3 (N.D. Cal. Sept. 12, 2019); *see also* Fed. R. Civ. Pro. 12(d) ("If … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1012 (9th Cir. 2018) ("[Plaintiff] should have had the opportunity to develop the record and litigate the issue.").  As such, EquityBee's motion to dismiss should be denied, and the case allowed to continue course toward discovery.

**C.     IN THE ALTERNTIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND THE COMPLAINT.**

"[I]f [a] complaint [i]s dismissed for failure to state a claim on which relief could be granted, leave should [be] granted to amend unless the court determine[s] that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).  Should the Court determine that Plaintiff has insufficiently pled any of the required elements, it should grant SPM, in its liberal discretion, the opportunity to further amend and conform the complaint.  While EquityBee argues in its motion that "it would be futile for SPM to

attempt to amend its pleading further" (Motion at 15), EquityBee offers no basis for its conclusory statement. Further amendments would be both justified and well within the Court's discretion to order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has sufficiently stated a claim for trade secret misappropriation and thus respectfully requests that the Court deny Defendant's Motion to Dismiss and set the deadline for Defendant to file its answer.

Dated: May 31, 2024

Respectfully submitted,

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
  ScottPenner@eversheds-sutherland.com
NICOLA A. PISANO, CA Bar No. 151282
  NicolaPisano@eversheds-sutherland.com
12255 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA  92130
TELEPHONE:  858.252.6502
FACSIMILE: 858.252.6503

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on:  May 31, 2024

**EVERSHEDS SUTHERLAND (US) LLP**

*/s/ Scott A. Penner*
SCOTT A. PENNER, CA Bar No. 253716
ScottPenner@eversheds-sutherland.com

Attorneys for Plaintiff
SECTION PARTNERS MANAGEMENT, LLC