UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECTION PARTNERS MANAGEMENT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EQUITYBEE, INC.,<br><br>Defendant. | Case No. 23-cv-05030-VC<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 38 |

EquityBee's Motion to Dismiss is denied. This ruling assumes the reader is familiar with the allegations in the complaint, the arguments made by the parties, and the applicable legal standard.

EquityBee first argues that Section Partners has failed to adequately allege that it has a trade secret because most of the characteristics of the trade secret are features of well-known investment vehicles like variable prepaid forward contracts that are already generally known to the public. *See* Cal. Civ. Code § 3426.1; 18 U.S.C. § 1839(3)(B). But Section Partners alleges that the combination of the specific features is what makes the trade secret. See *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016) ("A compilation that affords a competitive advantage and is not readily ascertainable falls within the definition of a trade secret."); *O2 Micro International Ltd. v. Monolithic Power Systems, Inc.*, 420 F. Supp. 2d 1070, 1089–90 (N.D. Cal. 2006) ("Combinations of public information from a variety of different sources when combined in a novel way can be a trade secret."). While EquityBee may ultimately be able to prove that the combination of features is publicly known, the allegations are sufficient for now.

Section Partners has also adequately alleged misappropriation. Section Partners alleges

that it received an EquityBee contract containing nearly identical terms and substantial overlap in terminology, definitions, and structure to its alleged trade secret. Section Partners also alleges that it only disclosed the trade secret to third parties who signed non-disclosure agreements. While there are no allegations that EquityBee obtained the trade secret directly from Section Partners, the complaint does allege that EquityBee obtained the trade secret from a third party with access to it. Therefore, a plausible inference can be drawn that EquityBee "acquired, disclosed, or used the plaintiff's trade secret through improper means." *Sargent Fletcher, Inc. v. Able Corp.*, 110 Cal. App. 4th 1658, 1665 (2003).

**IT IS SO ORDERED.**

Dated: July 17, 2024

_____
VINCE CHHABRIA
United States District Judge