David C. Codell, Esq. (State Bar No. 200965)
david@codell.com
LAW OFFICE OF DAVID C. CODELL
5665 Wilshire Boulevard, No. 1400
Los Angeles, California 90036
Telephone: (310) 273-0306
Facsimile: (310) 273-0307

WILLIAM H. WENKE (SBN 281031)
 william@equitybee.com
General Counsel
EquityBee, Inc.
955 Alma Street, Suite A
Palo Alto, California 94301
Telephone: (650) 847-1149

Attorneys for Defendant
EQUITYBEE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| SECTION PARTNERS MANAGEMENT, LLC,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>EQUITYBEE, INC.; SECFI, INC.; SECFI SECURITIES, LLC; SERENGETI ASSET MANAGEMENT, LP; AND WOUTER WITVOET,<br><br>　　　　　Defendants. | Case No. 3:23-cv-05030-VC<br><br>**DEFENDANT EQUITYBEE, INC.'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Crtrm.:　　4<br>Judge:　　Hon. Vince Chhabria<br><br>Trial Date:　August 25, 2025 |

I.  **RESPONSES TO THE ALLEGATIONS AND COUNTS IN THE FIRST AMENDED COMPLAINT**

1. In responding to Paragraph 1 of the First Amended Complaint, Defendant EquityBee, Inc. ("EquityBee") admits the allegations therein.

2. In responding to Paragraph 2 of the First Amended Complaint, EquityBee admits the allegations therein.

3. In responding to Paragraph 3 of the First Amended Complaint, EquityBee admits the allegations therein.

4. In responding to Paragraph 4 of the First Amended Complaint, EquityBee admits the allegations therein.

5. In responding to Paragraph 5 of the First Amended Complaint, EquityBee denies that "Defendant has committed acts of trade secret misappropriation within the state of California and this District" and otherwise admits the allegations in Paragraph 5.

6. In responding to Paragraph 6 of the First Amended Complaint, EquityBee denies that "Defendant has committed acts of trade secret misappropriation in this District" and otherwise admits the allegations in Paragraph 6.

7. In responding to Paragraph 7 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8. In responding to Paragraph 8 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein, except that EquityBee admits that Plaintiff Section Partners Management, LLC ("SPM") is an investment firm.

9. In responding to Paragraph 9 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

10. In responding to Paragraph 10 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

11. In responding to Paragraph 11 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

12. In responding to Paragraph 12 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. In responding to Paragraph 13 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. In responding to Paragraph 14 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. In responding to Paragraph 15 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. In responding to Paragraph 16 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations

contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. In responding to Paragraph 17 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. In responding to Paragraph 18 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein, except that EquityBee admits that SPM is the Plaintiff in this action.

19. In responding to Paragraph 19 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. In responding to Paragraph 20 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. In responding to Paragraph 21 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. In responding to Paragraph 22 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. In responding to Paragraph 23 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. In responding to Paragraph 24 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25. In responding to Paragraph 25 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26. In responding to Paragraph 26 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

27. In responding to Paragraph 27 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

28. In responding to Paragraph 28 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

29. In responding to Paragraph 29 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

30. In responding to Paragraph 30 of the First Amended Complaint, EquityBee admits the allegations therein.

31. In responding to Paragraph 31 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**DEFENDANT EQUITYBEE, INC.'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT**

32. In responding to Paragraph 32 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

33. In responding to Paragraph 33 of the First Amended Complaint, EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

34. In responding to Paragraph 34 of the First Amended Complaint, EquityBee denies each and every allegation contained therein.

35. In responding to Paragraph 35 of the First Amended Complaint, EquityBee denies each and every allegation contained therein, except that EquityBee is without sufficient knowledge or information to form a belief as to the truth of the allegations regarding whether Mr. Witvoet had confidentiality obligations under three separate NDAs or acted in contravention of any obligations, and on that basis denies those allegations.

36. In responding to Paragraph 36 of the First Amended Complaint, EquityBee admits the incorporation of paragraphs 1 through 35, but denies the contents of the incorporated paragraphs except as otherwise admitted in this First Amended Answer.

37. In responding to Paragraph 37 of the First Amended Complaint, EquityBee denies each and every allegation contained therein.

38. In responding to Paragraph 38 of the First Amended Complaint, EquityBee denies each and every allegation contained therein.

39. In responding to Paragraph 39 of the First Amended Complaint, EquityBee denies each and every allegation contained therein.

40. In responding to Paragraph 40 of the First Amended Complaint, EquityBee denies

each and every allegation contained therein.

41. In responding to Paragraph 41 of the First Amended Complaint, EquityBee admits the incorporation of paragraphs 1 through 35, but denies the contents of the incorporated paragraphs except as otherwise admitted in this First Amended Answer.

42. In responding to Paragraph 42 of the First Amended Complaint, EquityBee denies each and every allegation contained therein.

43. In responding to Paragraph 43 of the First Amended Complaint, EquityBee denies each and every allegation contained therein.

44. In responding to Paragraph 44 of the First Amended Complaint, EquityBee denies each and every allegation contained therein except that EquityBee admits that Plaintiff SPM seeks damages.

45. In responding to Paragraph 45 of the First Amended Complaint, EquityBee denies each and every allegation contained therein except that EquityBee admits that Plaintiff seeks an injunction.

46. In responding to the Prayer for Relief, EquityBee admits that Plaintiff seeks the relief listed in the Prayer for Relief, but denies that Plaintiff is entitled to any or all of the requested relief.

47. In responding to the Jury Demand, EquityBee admits only that Plaintiff requests a jury trial, and EquityBee otherwise denies each and every other allegation.

## II.     ADDITIONAL ALLEGATIONS AND AFFIRMATIVE DEFENSES

48. In or about July 2018, EquityBee retained a prominent national law firm ("Law Firm") as counsel to represent EquityBee in general corporate and commercial matters in the United States. Among other matters, EquityBee wished to offer in the United States a type of

funding solution that EquityBee was already offering in Israel, and attorneys at the Law Firm were well-known in the financial industry for providing such solutions in the United States.

49. On information and belief, the alleged EquityBee "Private Financing Contract" referred to in paragraph 31 and subsequent paragraphs of the First Amended Complaint ("EquityBee Contract") is based on (with modifications) a template that the Law Firm prepared. EquityBee had never seen the template before retaining the Law Firm and understood the template to have been prepared by the Law Firm. EquityBee was not and is not aware of any other source of the template or if there even was any other source. Nor had EquityBee ever seen any private financing agreement of Plaintiff SPM as described in the First Amended Complaint.

50. Both the federal and state trade secret Counts pleaded in the First Amended Complaint are therefore based on an alleged EquityBee Contract that, on information and belief, originated from the template prepared by the Law Firm.

51. EquityBee neither knows, ever knew, or has or ever had any reason to know:

    a. that any improper means were used to acquire knowledge of any SPM contract, template, or alleged trade secret described in the First Amended Complaint;

    b. that anything described in the First Amended Complaint was secret or that EquityBee's knowledge (if any) of anything that the First Amended Complaint alleges was a secret was

        i. derived from or through any person who had used improper means to acquire it,

        ii. acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or

   iii. derived from or through any person who owed any duty to Plaintiff to maintain its secrecy or limit its use; or

  c. that anything alleged in the First Amended Complaint was a trade secret or that EquityBee's knowledge of anything alleged in the First Amended Complaint to be a secret had been acquired by accident or mistake.

52.  EquityBee therefore cannot be liable for misappropriation as defined under either the federal Defend Trade Secrets Act (18 U.S.C. § 1839(5)) or the California Uniform Trade Secrets Act (Cal. Civ. Code § 3426.1(b)).

53.  Moreover, the elements of the alleged trade secret are in the public domain and, on information and belief, were not combined by Plaintiff in a non-obvious way that confers economic value or competitive advantage.

54.  On information and belief, Plaintiff is not pursuing any relief against any other person or entity for alleged misappropriation of the trade secret alleged in the First Amended Complaint. (On March 4, 2024, Plaintiff dismissed without prejudice all originally named defendants other than EquityBee. Contrary to the allegation in paragraph 35 of the First Amended Complaint, EquityBee did not gain access to anything alleged in the First Amended Complaint through communications with now-dismissed defendant Werner Witvoet.)

55.  The above paragraphs 48 through 54 are incorporated by reference into each of the following Affirmative Defenses as if fully restated therein.

## FIRST AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Assumption of Risk

56. Relief is barred in whole or in part because Plaintiff assumed the risk of its actions by not adequately protecting its alleged trade secret in the course of disclosing it to others, including persons or entities described in the First Amended Complaint to whom Plaintiff disclosed it.

## SECOND AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Contributory Negligence

57. Relief is barred in whole or in part because Plaintiff was contributorily negligent in not adequately protecting its alleged trade secret in the course of disclosing it to others, including persons or entities described in the First Amended Complaint to whom Plaintiff disclosed it.

## THIRD AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Unclean Hands

58. Relief is barred in whole or in part because Plaintiff has unclean hands, including because, on information and belief, Plaintiff's access to the EquityBee Contract, as alleged in Paragraphs 31 and 32 of the First Amended Complaint, was improper and in violation of a third party's nondisclosure obligations, and Plaintiff either knew or reasonably should have known so.

### FOURTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Estoppel

59. Relief is barred in whole or in part because Plaintiff is estopped by its own actions from obtaining the relief it seeks, including because, on information and belief, Plaintiff is not pursuing any relief against and/or has not attempted to alter the behavior of any other person or entity for alleged misappropriation of the trade secret alleged in the First Amended Complaint despite alleging that Plaintiff has information and believes that someone other than EquityBee (including Werner Witvoet) was responsible for violating nondisclosure agreements in communicating the trade secret.

### FIFTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Laches

60. Relief is barred in whole or in part under the doctrine of laches, including because the First Amended Complaint alleges that Plaintiff became aware of the alleged EquityBee Contract in or around early October 2020, but did not file this lawsuit until September 29, 2023, did not serve EquityBee until December 28, 2023, and never served any other originally named defendant in this lawsuit. Such delay was unreasonable and to EquityBee's prejudice.

### SIXTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Failure to Mitigate Damages

61. Relief is barred in whole or in part because Plaintiff failed to mitigate damages, including, on information and belief, by failing to pursue relief against and/or to attempt to alter

the conduct of other persons or entities who caused or contributed to any misappropriation of the alleged trade secret and any damage, if any, that Plaintiff experienced.

## SEVENTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Statute of Limitations

62. Relief is barred in whole or in part to the extent that Plaintiff did not assert its claims within three years after it discovered (or by the exercise of reasonable diligence should have discovered) any alleged misappropriation (18 U.S.C. § 1836(d); Cal. Civ. Code § 3426.6).

## EIGHTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Waiver

63. Relief is barred in whole or in part because Plaintiff's actions constituted waiver, including because, on information and belief, Plaintiff is not pursuing any relief against and/or has not attempted to alter the behavior of any other person or entity for alleged misappropriation of the trade secret alleged in the First Amended Complaint despite alleging that Plaintiff has information and believes that someone other than EquityBee (including Werner Witvoet) was responsible for violating nondisclosure agreements in communicating the trade secret.

## NINTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Contribution

64. Relief is barred in whole or in part because, if there were any misappropriation of an alleged trade secret, other parties caused or contributed to Plaintiff's harm or damages, if any,

because EquityBee was unaware of any improper source of information used in the alleged EquityBee Contract.

### TENTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Independent Development

65. Relief is barred in whole or in part because EquityBee developed the EquityBee Contract through its own efforts and through the efforts of the Law Firm independently of any secrets alleged in the First Amended Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Lawful Acquisition

66. Relief is barred in whole or in part because EquityBee lawfully and properly acquired from the Law Firm the information used in developing the EquityBee Contract.

### TWELFTH AFFIRMATIVE DEFENSE

### (As to All Causes of Action)

### Public Domain

67. Relief is barred in whole or in part because the elements constituting the alleged trade secret were in the public domain at all relevant times and, on information and belief, were not combined by Plaintiff in a non-obvious way that confers economic value or competitive advantage.

### PRAYER FOR RELIEF

EquityBee prays for judgment in its favor and for relief as follows:

a. That Plaintiff take nothing from the action;

b. For costs of suit against Plaintiff;

c. For reasonable attorneys' fees against Plaintiff; and

d. For all other and further relief that the Court deems just and proper.

DATED:  September 1, 2024                LAW OFFICE OF DAVID C. CODELL


By: _David C. Codell_____
     David C. Codell

WILLIAM H. WENKE
General Counsel of EquityBee, Inc.

Attorney for Defendant
EQUITYBEE, INC.